IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. GOOCH and <br> DORIS M. PARTEE, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> VS. ) <br>   ) <br> TERRY JONES, ET AL., ) <br>   ) <br>   Defendants. ) | No. 1:18-cv-01257-STA-jay |

REPORT AND RECOMMENDATION

On December 27, 2018, Plaintiffs Anthony L. Gooch and Doris M. Partee filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 (D.E. 1). Plaintiff Gooch filed an application seeking leave to proceed *in forma pauperis* which the Court has granted.

On March 25, 2019, the Magistrate Judge ordered Plaintiff Partee to submit a properly completed application to proceed *in forma pauperis* or pay the $400 civil filing fee within thirty (30) days. (D.E. 7). Plaintiff Partee was warned that failure to respond to the order within the time specified may result in dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff Partee did not submit an application to proceed *in forma pauperis* and did not pay the civil filing fee. Rule 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." *Id.* The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted). However, as the Sixth Circuit has explained, "[i]n interpreting the district court's authority under Rule 41(b) to dismiss a party's action for failure to prosecute or comply with a court order, this court has frequently cautioned that such a dismissal is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F. 2d 451, 454 (6th Cir. 1991) (citations and quotation marks omitted).

Plaintiff Partee was advised on May 1, 2019 "to show cause, within fourteen (14) days of the date of entry of this order, why she should not be dismissed from this case for failure to comply with a court order in accordance with Rule 41 of the Federal Rules of Civil Procedure. (D.E. 8). Again, Plaintiff was warned that failure to respond to the order within the time specified, may result in dismissal of the action for failure to prosecute pursuant to Rule 41(b). Plaintiff did not respond to the Order to Show Cause. The Magistrate Judge therefore recommends that this Court dismiss Plaintiff Doris M. Partee from this case pursuant to Fed. Rule Civ. Pro. 41(b), therefore, leaving Anthony L. Gooch as the sole Plaintiff.

Respectfully Submitted this 30th day of May, 2019.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**