**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY L. GOOCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:18-cv-01257-STA-jay** |
| | ) | |
| **TERRY JONES, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

On December 27, 2018, *pro se* Plaintiffs, Anthony L. Gooch and Doris Partee, filed this Complaint against Terry Jones, Eddie Watkins, City of Rutherford, Tennessee, Robert White, Rutherford Police Department, Ann Grant, Annie Edwards, Jimmy Roach, Sandy Simpson, Cindy Flowers, and Billy Barron, accompanied by a motion from Plaintiff Gooch to proceed *in forma pauperis*. (D.E. 1-2). In an order issued on May 30, 2019, the Court granted Plaintiff Gooch leave to proceed *in forma pauperis*. (D.E. 9). Additionally, due to Plaintiff Partee's failure to provide an application to proceed *in forma pauperis* or submit the civil filing fee, the Magistrate Judge recommended that Plaintiff Partee be dismissed from this suit. (D.E. 10). On June 18, 2019, Chief Judge Anderson adopted the report and recommendation and dismissed Plaintiff Partee from this suit. (D.E. 11). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678 (2009)); *see also* Fed. R. Civ. P. 12(b)(6). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09- 2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or  paralegal to pro se litigants.").

Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint narrative reads:

> Anthony Gooch and Doris Partee has been harass[ed], threaten[ed], stalk[ed], stalk[ed], by [a]bove [n]ame's mentioned.  We can't even get [a]rrest [w]arrant [b]ut Defendants can.  We feel our[] civil rights has been violat[ed] [and] [d]iscrimination [b]ased on our[] [r]ace [b]lack sex, age, handicapped status.

(D.E. 1 PageID 2).  Additionally, in the relief section of the form Complaint, Plaintiff asks the court to investigate a private property driveway, a false report, and the Rutherford Police Department.  (D.E. 1 PageID 3).  Plaintiff attached several affidavits of Complaints against himself in Gibson County, Tennessee, for various criminal offenses along with other related materials, including arrest warrants and police reports.  Further, Plaintiff attached a letter by

Doris Partee that alleges Defendant Terry Jones stalked her and order of protection applied for by Doris Partee against Defendant Terry Jones. (D.E. 1-2 & 1-4). Lastly, there is a mutual restraining order from the General Sessions Court of Gibson County, Tennessee, where Plaintiff Anthony Gooch and Defendant Terry Jones are prohibited from stalking, threatening, or harassing each other. (D.E. 1-3). This order also included the City of Rutherford and Doris Partee. Lastly, Plaintiff attaches some cryptic photos and several documents related to the ownership and transfer of a piece of property. (D.E. 1-5, 1-7, and 1-8). It appears from Plaintiff's Complaint attachments that he was arrested several times for an escalating feud with Defendant Terry Jones, in relation to alleged stalking by Terry Jones. Also, there is some dispute between Plaintiff, Gibson County, and a piece of land that is owned by Doris Partee, but the dispute is unclear.

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff Gooch has failed to assert either element of a § 1983 claim. Plaintiff Gooch, aside from alleging his civil rights have been violated, does not mention any deprivation of rights secured by the Constitution and laws of the United States. Plaintiff Gooch alleges discrimination based on his race, sex, age, and handicapped status, however, he doesn't relate that discrimination under any law or even mention anything to do with his race, sex, age, or handicapped status again. Further, Plaintiff Gooch does not allege that Defendants acted under color of state law.

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

When Plaintiff Gooch listed the Defendants, he did allege that some of the Defendants worked for Gibson County in some capacity, but this is insufficient to state a claim under § 1983. *See West*, 487 U.S. at 49 (A person acts under color of state law when he exercises power that he possesses only because he is "clothed with the authority of state law").  In fact, in Plaintiff Gooch's Complaint, he only references Defendant Eddie Watkins and Terry Jones but does not include any action by the two Defendants.  The Complaint is simply devoid of factual matter that is sufficient to state a claim.

## <u>CONCLUSION</u>

For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff Anthony Gooch's Complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted this 21st day of June, 2019.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**